# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3711 | **DATE** | 7/31/01 |
| **CASE TITLE** | Matthews vs. First Revenue Assurance | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons explained above, the Court finds that the collection letter sent by FRA to Matthews is confusing on its face and therefore violates the FDCPA. Accordingly, the Court denies FRA's motion for summary judgment, and grants Matthews' cross motion for summary judgment (14-1) on the issue of liability. Additionally the Court grants FRA's motion to strike Allan Metcalf's affidavit (17-1). The case is set for status on Thursday, 8/9/01 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG - 2 2001 | |
| | Notified counsel by telephone. | | date docketed | 26 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | | |
| OR | courtroom deputy's initials | 01 AUG -1 PM 5: 04 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KRISTI L. MATTHEWS, | ) |
| Plaintiff, | ) |
| v. | ) No. 00 C 3711 |
| FIRST REVENUE ASSURANCE, L.L.C., | ) |
| Defendant. | ) |

**DOCKETED**
**AUG - 2 2001**

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Kristi Matthews received a letter from First Revenue Assurance indicating in large, bold letters "**THIS IS A DEMAND FOR PAYMENT IN FULL.**" Three paragraphs followed, all in much smaller type. The first advised that US Bank had assigned Matthews' account to First Revenue Assurance for collection of the total amount owed, $5,723.13. The second told Matthews "unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume that this debt is valid." The third paragraph said, "[p]lease submit payment in the enclosed envelope for proper credit or contact our office today to set up an autopay for immediate credit to your account."

The record contains some evidence that Matthews disputed the validity of the debt, though she appears to have done so by telephone and it is unclear whether she did so during the 30 days after she received the letter quoted above. But in any event, she neither mailed payment in the enclosed envelope nor contacted the office to set up an autopay. Ultimately she sued, alleging that FRA's letter violates §1692g of the Fair Debt Collection Practices Act, which



requires debt collectors to include in collection letters a "validation notice" telling the recipient that she has 30 days to dispute the validity of the debt, in whole or in part, and that if she does not dispute the debt, the collector may assume it to be valid. 15 U.S.C. §1692g(a). Matthews concedes that FRA's letter contains the required validation notice. But she argues that the language in the third paragraph of the letter overshadows, contradicts and renders ineffective that notice, leaving an unsophisticated consumer like her confused as to her rights under the FDCPA.

FRA moved to dismiss Matthews' complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim; the Court denied the motion but advised the parties that it would treat the motion as one for summary judgment. Matthews responded to the motion and filed a cross motion for summary judgment, which she supported with her own deposition testimony and an affidavit from Allan Metcalf, a linguist and English professor who opined that the letter FRA sent to Matthews would be unreadable and confusing to the unsophisticated consumer. FRA moved to strike Metcalf's affidavit on the ground that it was inadmissible under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The Court advised the parties that it would take up the motion to strike with the motions for summary judgment, and all three motions are presently before the Court.

The Fair Debt Collection Practices Act requires a debt collector to include in letters to collect debts the information specified in §1692g(a). But merely including this "validation notice" may not be enough to satisfy the obligations imposed under the FDCPA; the debt collector must also refrain from including other language that will overshadow or contradict the information contained in the notice. *See Chauncey v. JDR Recovery Corp.*, 118 F.3d 516, 518 (7th Cir. 1997); *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996). "A debt validation notice, to be

2

valid, must be effective, and it cannot be cleverly couched in such a way as to eviscerate its message." *Avila*, 84 F.3d at 226.

The Court grants FRA's motion to strike Metcalf's opinion. Metcalf concluded that FRA's letter "would not adequately convey to unsophisticated consumers their rights to validation of the debt." Metcalf Affidavit, ¶12. But this opinion is based almost entirely on the overall "readability" of the letter and thus sweeps far too broadly to be helpful. The only part of Metcalf's opinion that is focused on the issue at hand–whether the third paragraph generates confusion–is unsupported by anything other than Metcalf's *ipse dixit*. *Daubert* requires the Court, when faced with a proffer of expert testimony, to make "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." 509 U.S. at 592-93. If neither the expert nor the proffering party discloses what reasoning and methodology led to the conclusions in the report, the Court has no way to satisfy this obligation. Accordingly Metcalf's affidavit is stricken.

FRA argues that the letter it sent to Matthews was not inconsistent or contradictory on its face; Matthews argues that it is. Neither party submitted survey evidence demonstrating how an unsophisticated consumer would have reacted to the letter–understandable given the cost of obtaining such evidence; in fact, FRA submitted nothing and we have largely dismissed what Matthews submitted. So we are left with just the letter itself and must decide whether its language would leave an unsophisticated consumer–that is, an uninformed, naive, trusting person–confused as to what her rights are under the FDCPA. *See Avila*, 84 F.3d at 226; *Chauncey*, 118 F.3d at 519.

3

Before turning to the specific language of the letter, we first consider whether summary judgment is even appropriate in this case. *Bartlett v. Heibl*, 128 F.3d 497, 501 (7th Cir. 1997), suggests that it is. In that case the court, in an opinion by Judge Posner, held that "[a]lthough the question whether a dunning letter violates the Fair Debt Collection Practices Act does not require evidence that the recipient was confused--or even, as we noted earlier, whether he read the letter--the issue of confusion (or, more precisely, of 'confusingness') is for the district judge to decide . . . ." The court found that the letter Bartlett received was, on its face, confusing and therefore reversed the entry of judgment in the debt collector's favor and remanded the case, directing the district judge to enter summary judgment in Bartlett's favor. *Id.* at 501, 502.

On the other hand, *Walker v. National Recovery, Inc.*, 200 F.3d 500 (7th Cir. 1999), suggests that summary judgment, especially when based solely on the letter itself, is not appropriate. There, the court held that "[w]hether a given message is confusing is . . . a question of fact, not of law or logic." *Id.* at 503. Although *Walker* involved an appeal from a ruling on a motion to dismiss, the court suggested that in some cases–namely where the plaintiff attaches a copy of the allegedly confusing letter to her complaint–the district court may treat the motion to dismiss as one for summary judgment and **require the plaintiff to come forward with proof.**" *Id.* at 504 (emphasis added). The suggestion appears elsewhere as well: "if a plaintiff who files a formally sufficient complaint does nothing to back it up . . . the district court may enter judgment on the pleadings . . . ." *Id.* *Johnson v. Revenue Management Corp.*, 169 F.3d 1057 (7th Cir. 1999), cited approvingly in *Walker*, also suggests that summary judgment would be inappropriate if based solely on the allegedly confusing letter. The court there noted that in deciding whether a given letter is confusing, "the judge may need to receive evidence . . . [which]

4

might include the kind of surveys used to measure confusion in trademark cases." *Id.* at 1060. The court also held that "[i]f all the plaintiffs have to go on is the language of these letters, they must lose in the end." *Id.*

*Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057 (7th Cir. 2000), reinforces the notion that a plaintiff must come forward with additional evidence to survive summary judgment. There the Court affirmed a grant of summary judgment in the debt collector's favor because the plaintiff debtor "merely speculate[d] about how a naive debtor would interpret the letter" she received. *Id.* at 1061. The court held that a debtor hoping to avoid summary judgment on the issue of confusion "must offer sufficient evidence"–such as survey evidence–that a significant fraction of the population would have been confused after reading the letter; the debtor's own self-serving testimony that she was confused would not be enough to defeat an otherwise proper summary judgment motion.[1] *Id.* at 1061-62. Significantly, the letter at issue in *Pettit* was not inconsistent or contradictory on its face; the letter, dated August 12, 1997, advised the debtor that "[i]t is essential that you mail payment in full by 09/12/97"–a date thirty days out. Thus the plaintiff's only shot at demonstrating confusingness would have to come from evidence other than the letter itself.

Reconciling *Pettit*, *Johnson* and *Walker* with *Bartlett* and *Avila* is no easy task. But in the final analysis, we think it would be a mistake to read the Seventh Circuit's more recent cases as establishing a rule that a defendant is always entitled to summary judgment in an "overshadowing" case unless the plaintiff can come up with evidence beyond the letter itself.

---

[1] *Pettit* suggests that Matthews' deposition testimony should play at best a limited role in our analysis. As we will explain, we need not consider it anyway; our decision is supported by the language of the letter itself.

5

This may be so when, as in *Pettit*, *Johnson* and *Walker*, the letter is not contradictory on its face; in that situation the plaintiff must produce independent evidence of confusion or face defeat. But when, as in *Bartlett* and *Avila*, the judge determines that the letter is confusing on its face (where, for example, the language of the letter is patently contradictory or inconsistent), summary judgment in the *plaintiff's* favor may still be appropriate, though summary judgment in the *defendant's* favor would not be. This makes sense in light of the lens through which we are supposed to view these things: if a letter is confusing to a federal judge, it is necessarily confusing to an unsophisticated consumer; on the other hand, as Judge Easterbrook noted, "what seems pellucid to a judge, a legally sophisticated reader, may be opaque to someone whose formal education ended after sixth grade." *Walker*, 200 F.3d at 501. With this in mind, we analyze the language of the letter FRA sent Matthews.

In deciding whether FRA's letter is confusing, we find good counsel in the cases discussed above. The letters scrutinized in *Johnson* both contained a paraphrase of the statutory validation notice, but neither stopped there. One of the letters added: "If you fail to make prompt payment we will have no alternative but to proceed with collection . . . . Should you wish to discuss this matter, contact our office and ask for extension 772." 169 F.3d at 1059. The second followed the validation notice with: "[your] account has been placed with our firm for payment in full. Call our office immediately upon receipt of this letter." *Id.* The letter at issue in *Walker* similarly included the statutory validation notice. But the letter also advised the recipient that the account had been placed with the defendant "for immediate collection" and requested that the recipient "[p]lease remit PAYMENT IN FULL with this letter to the address above . . . . If you have any questions concerning your account please contact me at my office." 200 F.3d at 502.

6

Judge Easterbrook, who coincidentally authored both opinions, noted that neither debt collector had attempted to explain how (as in *Johnson*) a demand for prompt or immediate action or (as in *Walker*) immediate collection, which presumably involved immediate payment, could be reconciled with the statutory 30-day period. *See Johnson*, 169 F.3d at 1059; *Walker*, 200 F.3d at 502. But none of these letters was patently inconsistent on its face; that is, none of these letters actually requested payment or an action that would necessarily lead to payment within a time frame falling within the 30-day statutory period.

Conversely, in *Bartlett*, the letter at issue told the debtor that if he wished to avoid legal action "you must do one of two things **within one week of the date of this letter**: (1) Pay $316.00 . . . or, (2) Contact MICARD SERVICES . . . and make suitable arrangements for payment." 128 F.3d at 503 (emphasis added). This letter, unlike those at issue in *Johnson* and *Walker* did name a deadline involving payment that was, without question, within the 30-day period; not even the most tortured interpretation could extend "within one week" to a time beyond the 30-day window. *Avila* presented the same situation: after the validation notice the letter in that case told that "[i]f the above [the validation notice] does not apply to you, we shall expect payment or arrangement for payment to be made **within ten (10) days from the date of this letter**." 84 F.3d at 226 (emphasis added). The Seventh Circuit held that this language was "entirely inconsistent" with the validation notice and affirmed the district court's grant of summary judgment in favor of the debtor on the issue of liability. *Id.* at 226.

We think the letter FRA sent to Matthews bears a closer resemblance to the letters at issue in *Bartlett* and *Avila* than to the letters at issue in *Walker* and *Johnson*. FRA's letter, like the defendants' letter in *Bartlett*, asks the debtor to pay or arrange for payment on a day ("today")

7

that is, without question within the 30-day period; not even the most tortured interpretation can extend "today" beyond the 30-day period. As in *Avila*, FRA's directive to submit payment or call today is "entirely inconsistent" with the required validation notice. Accordingly, no further evidence of confusion is required. We therefore grant summary judgment on the issue of liability in Matthews' favor.

In support of its position, FRA submitted an order entered May 30, 2001 in *England v. First Revenue Assurance* (Case No. CY-00-3011-FVS), in which a district court judge in the Eastern District of Washington, on essentially the same facts, concluded that FRA's letter does not violate the FDCPA. The court entered summary judgment in favor of FRA and dismissed the plaintiff's claims because "even the least-sophisticated consumer would be unlikely to construe the phrase 'set up an autopay' as a demand to make payment within 30 days." Order, p. 5. The Court cannot agree. FRA's letter requests or demands (the distinction is meaningless for our purposes) that the debtor either pay the amount due or "contact our office **today** to set up an autopay for immediate credit to your account." (emphasis added). Nothing in this language suggests "a relationship that will last for an extended period of time," *see England* Order, p. 5; on the contrary this language can be reasonably interpreted only one way: it is a request for an immediate phone call to arrange payment within the statutory period. Accordingly the Court is not persuaded that following the *England* court's lead is the right move.

## CONCLUSION

For the reasons explained above, the Court finds that the collection letter sent by FRA to Matthews is confusing on its face and therefore violates the FDCPA. Accordingly, the Court denies FRA's motion for summary judgment, and grants Matthews' cross motion for summary judgment [14-1] on the issue of liability. Additionally the Court grants FRA's motion to strike Allan Metcalf's affidavit [17-1]. The case is set for status on Thursday August 9, 2001 at 9:30 a.m.

                                                   MATTHEW F. KENNELLY
                                                   United States District Judge

Dated: July 31, 2001